IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM F. HOLDNER**,

  Appellant,

  v.

**RICHARD A. KREITZBERG**; **STEVEN KREITZBERG**; **AMY E. MITCHELL**; and **JUSTIN D. LEONARD**,

  Appellees.

Case No. 3:20-cv-00307-MO

OPINION AND ORDER

**MOSMAN, J.**,

  The case before me appears on appeal from a proceeding in the U.S. Bankruptcy Court of Oregon. Notice of Appeal [ECF 1]. For the reasons explained below, the judgment of the Bankruptcy Court is AFFIRMED.

## PROCEDURAL HISTORY

  Appellant, Mr. Holdner, first filed the complaint underlying this appeal in this court. Compl. [ECF 1], *Holdner v. Kreitzberg et al.*, No. 3:18-cv-1054-AC, (D. Or. June 15, 2018) ("District Court Case"). He asserted four claims for relief: Misrepresentation in the Purchase of Shares, Breach of Contract, Breach of Fiduciary Duty (Kreitzberg Defendants), and Breach of Fiduciary Duty (Ms. Mitchell & Mr. Leonard). *Id.* at 11-13. Magistrate Judge John V. Acosta

1 – OPINION AND ORDER

issued a Findings and Recommendation ("F&R"), in which he recommended that Mr. Holdner's claims for misrepresentation, breach of contract, and breach of fiduciary duty (Mitchell & Leonard) be referred to the bankruptcy court and that his claim for breach of fiduciary duty against the Kreitzberg Defendants be dismissed. District Court Case, F&R [ECF 24] at 2. I adopted Judge Acosta's F&R in full and referred Mr. Holdner's claims to the bankruptcy court. District Court Case, Order of Referral [ECF 27].

Mr. Holdner filed a virtually identical complaint in Bankruptcy Court, in which he renewed all four claims for relief. First Am. Compl. [ECF 16] at 12-14, *Holdner v. Kreitzberg et al.*, Adv. Pro. No. 19-3028-tmb (Bankr. D. Or. May 13, 2019) ("Adversary Proceeding"). Defendants filed a Motion to Dismiss each of Mr. Holdner's claims. Adversary Proceeding, Mot. to Dismiss [ECF 19]. Bankruptcy Judge Trish M. Brown ruled on that motion in her Opinion & Report. Adversary Proceeding, [ECF 52] at 10-19. She issued dispositive rulings on two of those claims: misrepresentation in the purchase of shares (Claim One) and breach of fiduciary duties (estate professionals) (Claim Four). *Id.* at 11-15, 18-19.

On the other two claims, for breach of contract (Claim Two) and breach of fiduciary duties (Kreitzberg Defendants) (Claim Three), Judge Brown issued recommendations to this court because she found that both claims fell outside her jurisdiction as the Bankruptcy Court. *Id.* at 15-18. She recommended that this court withdraw its reference of both claims pursuant to 28 U.S.C. § 157(d) and L-R 2100-4. *Id.* On Claim Two, she recommended that this court enter judgment in favor of the Defendants because Mr. Holdner lacks standing to bring a claim for breach of contract, as there is no record that he entered into a contract with these defendants. *Id.* I adopted her recommendation and dismissed Mr. Holdner's claims for breach of contract and breach of fiduciary duty. District Court Case, Opinion and Order, [ECF 36].

Meanwhile, Mr. Holdner appealed Judge Brown's ruling to the Ninth Circuit Court of Appeals. *See* Notice of Appeal [ECF 1] at 1. The Ninth Circuit transferred the appeal to this court because Judge Brown's ruling was not a final judgment, as it did not dispose of the case and was therefore an interlocutory order. *Id.* at 1-2. Given Judge Brown's referral to the District Court, the Ninth Circuit found that any ruling it made could result in inconsistent results. *Id*. at 2. Mr. Holdner then filed a Motion to Certify a Class [ECF 3] and his appellate brief in this court. App. Br. [ECF 5]. I denied his Motion to Certify [ECF 8] and now address his appeal on the merits.

## LEGAL STANDARD

28 U.S.C. § 158(a) grants U.S. District Courts jurisdiction over appeals from final judgments and some interlocutory orders entered by a bankruptcy court in a case or proceeding that has been referred pursuant to 28 U.S.C. § 157. When sitting in the position of an appeals court over a bankruptcy proceeding, the district court applies a "clearly erroneous" standard to any findings of fact made by the bankruptcy judge and reviews any conclusions of law *de novo*. *In re Daniels-Head & Associates*, 819 F.2d 914, 919 (9th Cir. 1987).

## DISCUSSION

Mr. Holdner has appealed from Judge Brown's final ruling on the motion to dismiss discussed above, but his appeal also assigns error to several interlocutory orders that preceded that ruling. *See generally* App. Br. [5]. Judge Brown's ruling had the effect of dismissing two of Mr. Holdner's claims: misrepresentation in the purchase of shares and breach of fiduciary duty. Adversary Proceeding, Opinion & Report [ECF 52] at 11-15, 18-19. However, Mr. Holdner also assigns error to Judge Brown's denial of four procedural motions he brought below: (1) a motion to classify his case as a contested shareholder proceeding rather than an adversary proceeding,

(2) a motion for certification of a class, (3) a discovery motion, and (4) a motion to convert the Chapter 11 proceeding to a Chapter 7 proceeding. App. Br. [5] at 4. The majority of Mr. Holdner's argument focuses on the denial of his motion to certify a class. *Id.* at 2-3; Reply Br. [ECF 11] at 2. The relief he seeks, however, is to have this court remand the case to Judge Brown with instructions to convert it to a contested shareholder proceeding or, in the alternative, convert it to a Chapter 7 proceeding. App. Br. [5] at 6.

Procedurally, Mr. Holdner's appeal presents something of a difficulty. He appeals from a final judgment, which dismissed two of his claims, but he seeks relief that would not be granted to him even if I were to reverse Judge Brown's disposition of the motion to dismiss. The only effect of such a ruling on my part would be to remand the case for consideration of those two claims on their merits. It would have not have the effect of converting Mr. Holdner's case in any way. Even more difficult is Mr. Holdner's lack of argument relating to the dismissal of his claims. In these fundamental ways, Mr. Holdner's appeal is arguably not properly presented.

But Mr. Holdner is a *pro se* litigant, and some procedural deficiencies may be overlooked. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (holding that "pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements" and that *pro se* pleadings are liberally construed). However, in this case, the procedural deficiencies preclude review on the merits. This is true for two reasons. First, none of the interlocutory orders that Mr. Holdner appeals from were entered as part of the Adversary Proceeding. At least some of these orders—likely all—were entered in the underlying Bankruptcy Proceeding, which was not referred by this court under 28 USC § 157 and over which I have no appellate jurisdiction. *See* Orders [ECF 285, 341], *In re Data Systems,*

*Inc.* (Bankr. D. Or. Feb. 11, 2016) ("Bankruptcy Proceeding")[1]; 28 USC § 158(a). I therefore cannot review Mr. Holdner's appeal from those orders, and I DISMISS his appeal as it relates to those matters.

Second, Mr. Holdner's failure to raise any arguments relating to the merits of Judge Brown's dismissal of his claims in the adversary proceeding renders it impossible for me to understand the basis of that claim, and I therefore consider that claim to be abandoned. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (holding that a litigant who fails to present an argument in support of his claims abandons that argument); *In re Khalil*, 379 B.R. 163, 177 (9th Cir. Bankr. 2007) (holding that an appellate bankruptcy panel may decline to address claims where no substantive argument is made); Fed. R. App. P. 28(a)(8)(a) (an appellate brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). Because Mr. Holdner has provided me no basis to review his claims, I decline to address them and AFFIRM Judge Brown's ruling.

## CONCLUSION

I AFFIRM Judge Brown's judgment and DISMISS with prejudice Mr. Holdner's appeal.

IT IS SO ORDERED.

DATED this 11th day of May, 2020.

_Michael W. Mosman_
MICHAEL W. MOSMAN
United States District Judge

---

[1] The court was unable to locate any motions filed by Mr. Holdner seeking conversion to a contested shareholder proceeding or conversion to Chapter 7. As he has not provided any citations, the court proceeds on the understanding that these motions were also filed in the Bankruptcy Proceeding, as they would be relevant to that matter and are not discussed in Judge Brown's Opinion & Report in the Adversary Proceeding.